## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

**LANIEL WOODARD,**

   **Plaintiff,**

**v.**              **1:21-cv-00494-GJF-KK**

**CITY OF ALBUQUERQUE, et al.**

### DEFENDANTS' PARTIAL MOTION TO DISMISS[1]

  COME NOW Defendants City of Albuquerque and Matthew Torrez, by and through their counsel, the Law Office of Jonlyn M. Martinez, LLC,  and hereby move this Honorable Court to dismiss with prejudice the Plaintiff's Complaint for Violations of the Tort Claims Act and Deprivation of Civil Rights (hereafter "Plaintiff's Complaint") against Defendants Matthew Torrez, Christopher Campbell, Steve Raschke and Travis Bighum because they were not served with the Plaintiff's Complaint in accordance with the Court's Orders, against Officer Does I-X because the statute of limitations has run and the Plaintiff's federal claims brought against Defendant City of Albuquerque in Counts V, VI and VII because they fail to state a claim for which relief can be granted.

  Counsel for the Plaintiff was contacted and opposes this Motion.

---

[1] To date, Defendant Christopher Campbell, Steve Raschke and Travis Bighum have not been served with the Plaintiff's Complaint in accordance with Rule 1-004 NMRA. Therefore, they are not properly before this Court. New Mexico has long recognized that "a court lacks jurisdiction to pronounce judgment over a defendant or respondent unless that defendant or respondent has been properly summoned into court." ***Trujillo v. Goodwin**, 2005 NMCA 95, P 8, 138 N.M. 48, 116 P.3d 839.

## FACTUAL BACKGROUND

The Plaintiff's Complaint alleges that the incident at issue allegedly occurred on May 18, 2018, over three years ago. ***Plaintiff's Complaint.***, at ¶ 18 [Document No. 1-2]. The Plaintiff claims he was waiting for a bus at the Albuquerque Transit Center when he was asked to leave and then struck and thrown to the ground. *Id.*, at ¶¶ 18, 27-30  [Document No. 1-2]. The Plaintiff's Complaint contains the following Counts:

I: Negligent Hiring, Training, Supervision Resulting in Violations of the New Mexico Tort Claims Act (Against all Defendants);

II: Assault Under New Mexico Tort Claims Act (Against Defendants Torrez, Campbell, Raschke, Does I-X, and City of Albuquerque);

III: Battery Under New Mexico Tort Claims Act (Against Defendants Torrez, Campbell, Raschke, Does I-X, and City of Albuquerque);

IV. False Arrest and/or False Imprisonment Under New Mexico Tort Claims Act (Against all Defendants);

V. Deprivation of Civil Rights Under 42 U.S.C. § 1983 – Excessive, Unreasonable, and/or Unlawful Use of Force (Against all Defendants);

VI. Deprivation of Civil Rights Under 42 U.S.C. § 1983 – False Arrest/False Imprisonment (Against all Defendants);

VII. *Monell* Claim Under 42 U.S.C. § 1983 Resulting in the Deprivation of Civil Rights.

The factual allegations against the City of Albuquerque, with regard to Count VII, the *Monell* Claim Under 42 U.S.C. § 1983, are as follows:

90. Defendant either maintains an official policy of a) permitting its Transit Security officers to use excessive and unlawful force against citizens and b) permitting these officers to illegally arrest and detain people unlawfully or, in the alternative, maintains a *de facto* of ignoring such actions by Defendants and other City of Albuquerque Transit Security officer.

91. Defendant City of Albuquerque's knowledge of the aforementioned Defendants' illegal actions, as described herein, can be inferred by the obviousness of the facts.

92.     Put simply, the actions complained of by Defendants were not secret.

93. It is not possible for Defendants and others to have acted without the knowledge and permission of the City.

94. Defendant City of Albuquerque's policy and practice of inadequate training and culture of ignoring wrongful, unreasonable, and/or excessive use of force by its Transit Security Officers as well as ignoring false arrest and/or unlawful detention by Transit Security Officers and Albuquerque Police Officers was a moving force in causing the Plaintiff to suffer violations of the rights and privileges afforded to him by both the United States Constitution and the Constitution of the State of New Mexico.

95. Before the events giving rise to this Complaint, Defendant City of Albuquerque was aware of a widespread practice of the use of wrongful, unreasonable, and/or excessive use of force by its Transit Security Officers as well as falsely arresting and unlawfully detaining citizens by its Transit Security Officers.

96. Despite this awareness, Defendant City of Albuquerque had a policy and practice of failing to adequately monitor, supervise, discipline and otherwise control its Transit Security Officers.

97. Defendant City of Albuquerque was aware of the substantial risk that allowing the custom of its Transit Security Officers using excessive, unreasonable, and/or unlawful force against citizens would pose to the public but chose not to take the appropriate steps to protect citizens.

98. Defendant City of Albuquerque was aware of the substantial risk that allowing the custom of its Transit Security Officers to illegally arrest and/or detain citizens to continue would pose to the public but chose not to take the appropriate steps to protect citizens.

99. Defendant City of Albuquerque's policymakers were deliberately indifferent as to the obvious consequence of Transit Security Officers' widespread practice of needlessly using excessive, unreasonable, and/or unlawful force and the deprivation of civil rights that would arise therefrom, including the deprivation of Plaintiff s rights.

100. Defendant City of Albuquerque's policymakers were deliberately indifferent as to the obvious consequence of Transit Security Officers' and Police Officers' widespread practice of unlawfully detaining citizens and the deprivation of civil rights that would arise therefrom, including the deprivation of Plaintiff s rights.

101. Defendant City of Albuquerque's deliberate indifference to the widespread practice among its employees and agents of needlessly using excessive, unreasonable, and/or unlawful force directly and illegally detaining and/or falsely arresting citizens and proximately caused the constitutional deprivation resulting in Plaintiffs injuries and damages, including his pain and suffering and other damages to be proven at trial.

102. Defendant City of Albuquerque acted intentionally, maliciously or with reckless indifference in promoting the policy and practice of use of excessive, unreasonable, and/or

unlawful force and/or illegally arresting and/or unlawfully detaining citizens, thus punitive damages should be awarded to punish this conduct and prevent this type of misconduct against citizens in the future.

Based on the foregoing, the Plaintiff has failed to list any well-pled factual allegations that would entitle the Plaintiff to relief under 42 U.S.C. § 1983.

## PROCEDURAL BACKGROUND

The Plaintiff's Complaint was filed on May 14, 2020, almost two years after the alleged incident at issue in this case. ***See Plaintiff's Complaint***, [Document No. 1-2]. On November 17, 2020, the Second Judicial District Court dismissed the Plaintiff's Complaint for lack of prosecution. ***See Disposition Order for Lack of Prosecution***, [Document 1-3, p 3]. On December 9, 2020, the Plaintiff filed a Motion for Reinstatement. ***Id***., at p. 4. On February 8, 2021, the Second Judicial District Court entered an Order Granting Plaintiffs' Motion for Reinstatement. ***Id***., at p. 7. In this Order, the Court stated: "the Motion is Well-Taken and is **GRANTED, _provided that Plaintiff shall_**, *within 30 days of the filing of this Order, served defendants with a copy of the summons and complaint, pursuant to Rule 1-004, that shall thereafter take substantial action toward bringing this matter to conclusion, or this case will be dismissed for lack of prosecution.*" ***Id***. Thus, the Court imposed deadline to serve the Plaintiff's Complaint was March 10, 2021. Thereafter, on April 7, 2021, counsel for the Plaintiff filed a Motion for Extension of Time in Which to Serve Defendants. ***See Motion for Extension***, filed April 7, 2021, ***Id***., at p. 9 (*emphasis added*).   In the Motion, counsel for the Plaintiff stated:

> Because Plaintiff submitted the proposed order granting reinstatement to the Court, he assumed that the Court had signed the order without making changes to it. When it was served upon counsel and downloaded, no changes from the draft order were noticed. The first page of the order appeared to be the same order which was submitted to the Court. A new, traditional deadline for dismissal for lack of prosecution was calendared. It was only during a review of the case file during a meeting with Plaintiffs counsel's law clerk and his private

investigator regarding  cases ripe for service of process that the Court's added language was discovered.

Thus, the Plaintiff admitted that he failed to read the Court's Order. In his Motion, the Plaintiff requested thirty (30) days' time in which to serve Defendants, running from the date of its order on this motion. *Id*. The following day, April 8, 2021, for the first time, the Plaintiff obtained summons from the Court for service on the Defendants. *See attached Court Docket*.  On April 22, 2021, the Court entered an Order Granting Plaintiff's Motion for an Extension of the Time in Which to Serve Defendants. *See Order, Id*., at p. 12.  Therefore, the Plaintiff had until May 22, 2021, to serve the Defendants with the Plaintiff's Complaint. The Plaintiff served Defendant City of Albuquerque with the summons and complaint on May 21, 2021. *See Plaintiff's Return of Service for City of Albuquerque*, [Document 1-3, p 22].  The returns of service *Campbell, Raschke, and Bigham* all indicate service on summonsandappeal@cabq.gov as directed by clerks office on May 21, 2021. *See Plaintiff's Returns of Service for Campbell, Raschke, and Bigham*, [Document 1-3, pp's 17, 27, and 32].  Of course, this service is ineffective and does not comply with Rule 1-004 NMRA. *See Edmonds v. Martinez*, 2009-NMCA-072, 146 N.M. 753, 215 P.3d 62. The return of service for Matthew Torrez indicates that it was personally served but fails to indicate where service was effectuated but notes that service was allegedly made on May 23, 2021, after the date ordered by the Court for service of the Complaint. Based on the foregoing, the individually named Defendants were not served in accordance with Rule 1-004 NMRA. Moreover, they were not served by the deadline ordered by the Court in its Order of April 22, 2021.

## POINTS AND AUTHORITIES

**STANDARD OF REVIEW**

Pursuant to Fed. R. Civ. P. 12(b)(6), it has long been held that dismissal is appropriate "when it appears that the plaintiff can prove no set of facts in support of the claims that would entitle him to relief, accepting the well-pleaded allegations of the complaint as true and construing them in the light most favorable to the plaintiff." *Yoder v. Honeywell, Inc.*, 104 F.3d 1215, 1224 (10th Cir.) (internal quotations omitted), *cert. den.* 118 S.Ct. 55 (1997). Conclusory allegations are not "well-pleaded," and thus are not taken as true for purposes of a Motion to Dismiss. *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir. 1991). A complaint must include enough facts to state a claim for relief that is "plausible on its face" and to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The complaint need not include detailed factual allegations, but it must provide more than "a formulaic recitation of the elements of a cause of action." *Id*. A claim is facially plausible when plaintiff has alleged enough factual content for the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 677, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

As the Tenth Circuit explained, "[t]his requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Robbins, supra*, 519 F.3d at 1248. Based on the facts alleged in the Plaintiff's Complaint, the Plaintiff has failed to state a claim for which relief can be granted as to the City Defendant with respect to Counts V, VI and VII.

A.     **The Plaintiff's Claims Against the City of Albuquerque in Counts V, VI and VII Fail to State a Claim for Which Relief Can Be Granted.**

The Plaintiff's claim in Count V is for the alleged Deprivation of Civil Rights Under 42 U.S.C. § 1983 – Excessive, Unreasonable, and/or Unlawful Use of Force (Against all Defendants), the claim in Count VI is for the alleged Deprivation of Civil Rights Under 42 U.S.C. § 1983 – False Arrest/False Imprisonment (Against all Defendants) and in Count VII the claim is for *Monell* Claim Under 42 U.S.C. § 1983 Resulting in the Deprivation of Civil Rights. However, based on the allegations in the Plaintiff's Complaint, these Counts fail to state a claim for which relief can be granted. Instead, a review of the Plaintiff's allegations against the Defendant City of Albuquerque reveal that he has no well-pled factual allegations against the City Defendant. As set forth above, Plaintiff's complaint need not include detailed factual allegations, but it must provide more than "a formulaic recitation of the elements of a cause of action."  A claim is facially plausible when plaintiff has alleged enough factual content for the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. In the present case, the Plaintiff's complaint only contains speculation and conjecture.

The Supreme Court has made clear that there is no *respondeat superior* liability under 42 U.S.C. § 1983. ***Abila v. Funk***, No. CIV 14-1002 JB/SMV, 2016 U.S. Dist. LEXIS 172737, at \*35-36 (D.N.M. Dec. 14, 2016), citing ***Ashcroft v. Iqbal***, 556 U.S. at 676 ("Because vicarious liability is inapplicable to  § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); ***Bd. of Cnty. Comm'rs v. Brown***, 520 U.S. 397, 403, 117 S. Ct. 1382, 137 L. Ed. 2d 626 (1997). "An entity cannot be held liable solely on the basis of the existence of an employer-employee relationship with an alleged tortfeasor." ***Garcia v. Casuas***, 2011 U.S. Dist. LEXIS 153724, 2011 WL 7444745, at \*25 (D.N.M. 2011)(Browning, J.)(citing ***Monell v. Dep't of Soc. Servs***., 436

U.S. at 689). Supervisors can be held liable only for their own unconstitutional or illegal policies, and not for the employees' tortious acts. *Id*., *citing Barney v. Pulsipher*, 143 F.3d 1299, 1307-08 (10th Cir. 1998). In order to maintain his claims against the employing entity, Plaintiff has to sufficiently allege that whatever harm befell the Plaintiff was the result of an unconstitutional policy related to said harm, in this instance, purported Fourth Amendment violations. *See Monell v. Dep't of Social Services*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). To establish such municipal liability herein, Plaintiff must demonstrate: (i) that an officer committed the underlying constitutional violation; (ii) that a municipal policy or custom exists; and (iii) that there is a direct causal link between the policy or custom, and the injury alleged. *See Graves v. Thomas*, 450 F.3d 1215, 1218 (10th Cir. 2008).

> The plaintiff cannot simply allege that there is a policy in place, but, rather, must plead facts that, if true, would give rise to a plausible inference that such a policy exists. With formal or written policies, satisfying this pleading standard is easy; the plaintiff can simply allege what the policy is and where it is codified. With informal, unwritten policies, customs, or practices, the plaintiff can plead either a pattern of multiple similar instances of misconduct -- no set number is required, and the more unique the misconduct is, and the more similar the incidents are to one another, the smaller the required number will be to render the alleged policy plausible -- or use other evidence, such as a police officers' statements attesting to the policy's existence. The Tenth Circuit has not explicitly held that to be pleading requirements, but they have implied that district courts should analyze policies, practices, or customs under <u>Monell</u> as "legal conclusions" at the pleading stage -- which must evidence factual support, rather than conclusorily alleged -- and not "facts" in and of themselves, to be taken as true at face value…

*Ward v. City of Hobbs*, 398 F. Supp. 3d 991, 1039 (D.N.M. 2019), *appeal dismissed*, *Ward v. City of Hobbs*, 2019 WL 8064625 (10th Cir. Nov. 25, 2019). Indeed, as that same court recognized:

> [T]he mere allegation of a single act of unconstitutional conduct by a municipal employee will not support the inference that such conduct was pursuant to official policies. On the other hand, where the plaintiff alleges a pattern or a series of incidents of unconstitutional conduct, then the courts have found an allegation of

policy sufficient to withstand a dismissal motion. *Powe v. City of Chi.*, 664 F.2d
639, 650 (7th Cir. 1981).

***Ward v. City of Hobbs***, *supra*, 398 F. Supp. 3d at 1040. The Plaintiff claims that the Defendant

had a policy and  practice of inadequate training  and culture of ignoring wrongful, unreasonable,

and/or excessive use of force by its Transit Security Officers as well as ignoring  false arrest

and/or unlawful detention  by  Transit Security  Officers and Albuquerque Police Officers

Further, of course there is no formal policy, but Plaintiff has utterly failed to establish any

custom or practice. ***See Plaintiff's Complaint***, at ¶ 94 [Document No. 1-2]. Yet, the Plaintiff has

failed to provide any facts concerning the allegedly deficient training, the other wrongful,

unreasonable, and/or excessive use of force by its Transit Security Officers or the  false arrest

and/or unlawful detention by Transit Security Officers or any facts establishing the City

Defendant's purported tacit approval of this conduct. Thus, the Plaintiff has failed to set forth

sufficient facts to state a claim under ***Monell***. Other than conclusory allegations, the Plaintiff has

alleged no facts which would establish the requisite pattern and practice to establish the City of

Albuquerque's liability under ***Monell***. Therefore, the Plaintiff's claims against Defendant City of

Albuquerque contained in Counts V, VI and VII must be dismissed.


**B.     The Plaintiff's Claim Against Officer Does I-X Are Barred.**

The Plaintiff's Complaint alleges thar the incident at issue allegedly occurred on May 18,

2018. ***Plaintiff's Complaint.***, at ¶ 18 [Document No. 1-2]. The New Mexico Tort Claims Act has

a statute of limitation of two years. ***See NMSA § 41-4-15***. The statute of limitations for claims

brought under 42 U.S.C. § 1983 is three years. Pursuant to ***Wilson v. Garcia***, 471 U.S. 261, 266-

67, 275-76 (1985), the statute of limitations for all § 1983 claims brought within a particular state

is determined by the statute of limitations for personal injury claims in that state, as long as it is

not inconsistent with federal law or policy. In New Mexico, the statute of limitations for personal injury actions is three years. NMSA § 37-1-8. Thus, any Defendant added to these proceedings would be done through amendment after the statutes of limitations had run for both the New Mexico Tort Claims Act and 42 U.S.C. § 1983.

Fed. R. Civ. P. 15(c) provides that, where an amendment would add a party, "relation back" can occur if the party to be added by the amendment "has received such notice of the initiation of the action that the party would not be prejudiced in maintaining a defense on the merits." ***Benavidez v. Sandia Nat'l Labs.***, No. CIV 15-0922 JB/LF, 2017 U.S. Dist. LEXIS 95641, at *126-28 (D.N.M. June 21, 2017), quoting ***Brown v. Uniroyal, Inc.***, 108 F.3d 1306, 1307 (10th Cir. 1997). Relation back is dependent upon four factors, all of which must be satisfied. ***Id***., ***citing Brown v. Uniroyal, Inc***., 108 F.3d at 1307. The factors are as follows: (i) the basic claim must have arisen out of the conduct set forth in the original pleading; (ii) the party to be added must have received such notice that it will not be prejudiced in maintaining its defense; (iii) that party must or should have known, that but for the mistake concerning identity, the action would have been brought against it; and (iv) the second and third requirement must have been fulfilled within the prescribed limitation. ***Id***., ***citing Brown v. Uniroyal, Inc.***, 108 F.3d at 1307 (citing ***Schiavone v. Fortune***, 477 U.S. 21, 29, 106 S. Ct. 2379, 91 L. Ed. 2d 18 (1986)). " In the present case, the Plaintiff cannot satisfy factors (ii), (iii), or (iv), because he has never named the Officer Does. Thus, there is no way of establishing these requirements. As a result, the Plaintiff's claims against Officer Does must be dismissed with prejudice.

C.     **Plaintiff's Claims against the Individually Named Defendants Must Be Dismissed.**

As set forth above, the Plaintiff's claims have already been dismissed by the Court due to the Plaintiff's failure to prosecute this case. Thereafter, the Plaintiff failed to comply with the Court's Order concerning service of process on the Defendants. The Plaintiff requested an additional extension of time in which to serve the Defendants. However, the Plaintiff failed to effectuate service within the additional time ordered by the Court. In addition, the statutes of limitations have run in this matter.

In a similar case, ***Allen v. United Props. & Constr.***, Civil Action No. 07-cv-00214-LTB-CBS, 2008 U.S. Dist. LEXIS 122314, at *1 (D. Colo. Oct. 6, 2008), the court dismissed the Plaintiff's case with prejudice after he failed to serve the Defendants in in accordance with the Court's Orders. Mr. Allen has the burden "of establishing the validity of the service of process." ***Id., quoting FDIC v. Oaklawn Apartments***, 959 F.2d 170, 174 (10th Cir. 1992). Without proof of service, the court lacks personal jurisdiction over the Defendants. *See **Oklahoma Radio Associates v. F.D.I.C.***, 969 F.2d 940, 943 (10th Cir. 1992) ("Rule 4 service of process provides the mechanism by which a court having venue and jurisdiction over the subject matter of an action asserts jurisdiction over the person of the party served.") (citations omitted). The Court in ***Allen*** held that "[f]or failure to timely serve the Defendants, this civil action may properly be dismissed without prejudice." ***Allen v. United Props. & Constr*.,** Civil Action No. 07-cv-00214-LTB-CBS, 2008 U.S. Dist. LEXIS 122314, at *9 (D. Colo. Oct. 6, 2008). In reaching its conclusion, the Court considered that because the statute of limitations had run, the plaintiff's claims could be dismissed with prejudice. Therefore, the Court analyzed the factors set forth in ***Ehrenhaus v. Reynolds*** in order to explain the recommended dismissal. ***Id.***, citing 965 F.2d 916, 920 (10th Cir. 1992) (reviewing district court's dismissal of complaint with

prejudice as sanction for violation of discovery order). *Id.*, *citing Mobley v. McCormick*, 40 F.3d 337, 341 (10th Cir. 1994) (involuntary dismissal pursuant to Fed. R. Civ. P. 41(b) "should be determined by reference to the *Ehrenhaus* criteria"). *Id.*, *citing Woodmore v. Git-N-Go*, 790 F.2d 1497, 1499 (10th Cir. 1986) ("when a case is dismissed with prejudice or dismissed without prejudice at a time when the statute of limitations would ban refiling, a trial court must explain why it imposed the extreme sanction of dismissal.").

The *Ehrenhaus* criteria are "(1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal . . . would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Id.*, *quoting* 965 F.2d at 921 (internal quotation marks and citations omitted). "These factors do not create a rigid test; rather, they represent criteria for the district court to consider prior to imposing dismissal as a sanction." *Id.*, *quoting Ehrenhaus*, 965 F.2d at 921. Applying these factors to the present case reveal that dismissal of the Plaintiff's claims against the individually named Defendants is appropriate.  The individually named Defendants are prejudiced by the Plaintiff's attempt to serve them more than three years after the alleged incident,  over a year after the complaint was filed, and after the statutes of limitations have run. Some of the individually named Defendants no longer work for the City of Albuquerque and memories fade over this lengthy period of time period.  Next, the Plaintiff's dilatory behavior has interfered with the judicial process. The Court has had to issue multiple orders providing the Plaintiff with deadlines in which to serve the individual Defendants. The Plaintiff failed to comply with any of these orders. Counsel for the Plaintiff admitted that he simply failed to prosecute this case and then failed to read the Court's Orders. Thus, the Plaintiff and or his counsel are culpable in this matter. The Plaintiff's case has already

been dismissed for failure to prosecute this lawsuit. Thus, the Plaintiff was aware that his case would be dismissed if he failed prosecute his case, which included serving the complaint on the Defendants. Finally, there is no appropriate lesser sanction in this matter. The Plaintiff has had 342 days in which to serve the individually named Defendants with his Complaint. He failed to do so. The Defendants have been prejudiced by the Plaintiff's failure to comply with the Court's Orders and the basic requirements of civil litigation.

## CONCLUSION

Based on the foregoing, the Defendant City of Albuquerque and Defendant Torrez respectfully request that this Court dismiss the Plaintiff's claims against Defendants Matthew Torrez, Christopher Campbell, Steve Raschke and Travis Bighum because they were not served with the Plaintiff's Complaint in accordance with the Court's Orders, against Officer Does I-X because the statutes of limitations have run and the Plaintiff's federal claims brought against Defendant City of Albuquerque in Counts V, VI and VII because they fail to state a claim for which relief can be granted.

Respectfully submitted,

LAW OFFICE OF JONLYN M. MARTINEZ, LLC

By:   */s/ Jonlyn M. Martinez*
        JONLYN M. MARTINEZ
        Attorneys for City Defendants
        P.O. Box 1805
        Albuquerque, NM  87103-1805
        (505) 247-9488

I hereby certify that a copy of the
foregoing was sent electronically
via CM/ECF on June 1, 2021, to
all counsel of record:


_____*/s/*_____